IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT C. COURLEY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CASE NO._____ |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, as Trustee of Juniper Mortgage Loan Trust A, | § § § § § | |
| Defendant, | § § § | |

**DEFENDANT WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF JUNIPER MORTGAGE LOAN TRUST A'S NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wilmington Savings Fund Society, FSB, as Trustee of Juniper Mortgage Loan Trust A ("*Wilmington*") removes this action from the District Court of Comal County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and as grounds for removal state as follows:

**I. STATE COURT ACTION**

1. On April 4, 2022, Robert C. Courley ("*Plaintiff*") filed *Plaintiff's Original Petition for Declaratory Judgment and Application for Temporary Restraining Order and Injunctive Relief* ("*Petition*") in the District Court of Comal County, Texas, initiating Cause No. C2022-0545B, styled *Robert C. Couley v. Wilmington Savings Fund Society, FSB, as Trustee of Juniper Mortgage Loan Trust A* ("*State Court Action*"). Plaintiff's Petition is attached as **Exhibit A.**

2. Plaintiff brought suit related to real property located at 3806 Cherokee Boulevard, New Braunfels, Texas 78132 ("*Property*"). *See* Petition pg. 2. Specifically, Plaintiff brought a claim

1

for alleged violations of HUD Regulations Governing the Foreclosure of FHA Loans. *See id.* at p. 3-5.

3.	Defendant Wilmington filed its Original Answer in the State Court Action. A copy of Defendant's Answer is attached hereto as **Exhibit B**.

4.	With this Notice of Removal, Defendant hereby removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

5.	This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d), 1441(a-b), 1446(a).

6.	This removal is timely because it is being filed "within 30 days after receipt by the Defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action of proceeding is based." 28 U.S.C. § 1446(b).

7.	Pursuant to 28 U.S.C. § 1446(a), at the time of this removal, Defendant is filing an Index of State Court Records containing a true and correct copy of the entire file from the State Court Action. A Copy of the docket for the State Court Action is attached hereto as **Exhibit C.**

8.	Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Defendant is simultaneously (a) serving Plaintiff with a copy of this Notice of Removal and (b) filing a copy of the Notice of Removal in the District Court of Comal County, Texas.

## III. DIVERSITY JURISDICTION

9.	The Court has diversity jurisdiction in this matter. Where complete diversity exists among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As shown below, the amount in controversy requirement is also satisfied.

**A. Diversity of Citizenship**

10. Plaintiff is domiciled in Texas. *See* Petition, pg. 1.

11. Wilmington is a Federal Savings Bank with its main office in Delaware. *See* 28 U.S.C. §1348; 12 U.S.C. §1464(x); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709-715 (9th Cir. 2014) (holding that for diversity purposes a national bank is a citizen of the state designated as its main office in its articles of association). Therefore, Wilmington is deemed a citizen of the State of Delaware for the purposes of diversity citizenship juridiction.

12. Because Plaintiff is a citizen of Texas and Defendant is not a citizen of Texas, complete diversity exists among the parties.

**B. Amount in controversy**

13. The amount in controversy requirement is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc*., 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000.00 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds the $75,000.00 requirement. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.

14. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin*., LLC, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

15. Plaintiff seeks injunctive relief preventing Defendant from foreclosing on the Property. *See* Petition. "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Greenberg*, 134 F. 3d at

1252-53 (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983)); *see also Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 700 (S.D.Miss.1988) ("In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").

16.     If the right to property is at issue, the court will look to the value of the property to determine whether the minimum amount in controversy amount has been met for jurisdiction. *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."); *see also Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (finding under similar claims that, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property . . . , the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property").

17.     Accordingly, because Plaintiff is seeking injunctive relief and the right to property is at issue in this case, the amount in controversy is to be determined by the value of the Property. *See, e.g., Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using current market value of property from the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland v. U.S. Bank Nat. Ass'n,* 485 Fed. App'x 8 (5th Cir. 2012)).

18.     Attached to Plaintiff's Petition is a General Affidavit of Plaintiff (the "General Affidavit"). A copy of the General Affidavit is attached herewith Exhibit A, Plaintiff's Petition.

19.     According to the General Affidavit, Plaintiff values the Property, as appraised by the

COMAL County Appraisal District, at $189,930. Further, Plaintiff claims a loss of equity damages of $80,000. See *id.*

20. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

21. The undersigned attorney is lead counsel of record for Defendant.

22. Counsel of record for Plaintiff in the State Court Action is:

> James Minerve, Esq.
> State Bar No. 24008692
> The Minerve Law Firm
> 13276 N Hwy 183, Ste. 209
> Austin, TX 78750
> (888) 819-1440 (Office)
> (210) 336-5867 (Mobile)
> (888) 230-6397 (Fax)
> jgm@minervelaw.com
> *Attorney for Plaintiff*

## VI. RESERVATION OF RIGHTS

23. In filing this Notice of Removal, Wilmington does not waive, and specifically reserves, any and all objections as to service, objections to personal jurisdiction, defenses, rights, and motions.

## VII. REMOVAL

WHEREFORE, Defendant Wilmington removes this action from the District Court of Comal County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division so that this Court may assume jurisdiction over the case as provided by law.

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ George Robertson*
George Robertson
State Bar No. 24106352
WDTX No. 3366420
David D. Hornbeak
State Bar No. 24106113
WDTX: Will seek *Pro Hac Vice*

811 Main Street, Suite 2500
Houston, TX 77002-5227
713-821-7000 (telephone)
713-821-7001 (facsimile)
george.robertson@hklaw.com
david.hornbeak@hklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2022, I served this document on the following parties in compliance with Rule 5, Federal Rules of Civil Procedure:

*James Minerve, Esq.*
*State Bar No. 24008692*
*The Minerve Law Firm*
*13276 N Hwy 183, Ste. 209*
*Austin, TX 78750*

By: */s/ George Robertson*

George Robertson